IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INSURANCE COMPANY,

        Plaintiff,

        v.

SUNBEAM PRODUCTS, INC.; and
WALMART, INC.,

        Defendants.

Civ. No. 6:20-cv-462-MK

ORDER

MCSHANE, Judge:

    Magistrate Judge Mustafa Kasubhai filed a Findings and Recommendation (ECF No. 42), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Defendants filed objections to the Findings and Recommendation. ECF No. 48. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

    The Court finds no error and concludes the report is correct. Additionally, the Court finds Defendants' objections misplaced. To take but one example, Defendants argue that they:

> must also point out a glaring omission in this report's background section. Notably, the report fails to reference a fact both briefed and argued in hearing, that this product was **off at the time of the fire**. It had not been used in <u>two weeks</u> based on the sworn testimony of the homeowners. This is a critical undisputed fact of the case that should have been included in the facts.

Obj. 3 (emphasis in original).

1 –ORDER

This Court is not of the belief that every fact argued, undisputed or not, must be included in an opinion. Additionally, the mere fact that a party underlines in bold font an allegedly "critical" fact does not necessarily render its omission a glaring one. Defendant's objection on this point fails to rebut the sworn declaration of Plaintiff's expert, who opined:

> (b) the controller has no on/off switch to physically disconnect power from the circuitry within the controller;
>
> (c) given condition (b) above, the controller power supply was always on and connected to the house electrical branch circuit. A "metalized poly" capacitor used in this circuit have been known to fail and cause fires[.]

Bilancia Decl. ¶10(b)-(c); ECF No. 35.

Given the summary judgment standard of viewing the facts in the light most favorable to the non-moving party, Bilancia's declaration renders Defendants' argument that the blanket was not currently in use at the time of the fire not a "critical undisputed fact" but rather a fact irrelevant to the summary judgment determination. That said, Defendants will be permitted to argue at trial that the above undisputed fact is critical to the fact finder's consideration of the evidence.

Magistrate Judge Kasubhai's Findings and Recommendation (ECF No. 46) is adopted. Defendants' motion for summary judgment (ECF No. 28) and motion to strike (ECF No. 30) are DENIED. The parties are granted 30 days to consider whether to consent to trial before Judge Kasubhai. Absent full consent, the case will be reassigned to Judge McShane for trial.

IT IS SO ORDERED.

DATED this 8th day of October 2021.

                                           _____/s/ Michael J. McShane_____
                                                           Michael McShane
                                              United States District Judge